UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Brovia Evans<br><br>Plaintiff,<br><br>v.<br><br>Stellar Recovery, Incorporated<br><br>Defendant. | Case No.<br><br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT, THE MICHIGAN OCCUPATIONAL CODE AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Brovia Evans, ("Brovia"), is a natural person who resided in Detroit, Michigan, at all times relevant to this action.

2. Defendant, Stellar Recovery, Incorporated, ("SR"), is a Florida Corporation that maintained its principal place of business in Jacksonville, Florida, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act

1

("FDCPA"), 15 U.S.C. §1692 et seq. and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Plaintiff's claims under the Michigan Occupational Code ("MOC"), Mich. Comp. Laws § 339.901, et seq., because those claims share a common nucleus of operative facts with Plaintiff's claims under the FDCPA.  S*ee Litt v. Midland Credit Management, Inc.*, 2014 U.S. Dist. LEXIS 66658 (E.D. Mich. May 15, 2014)(in FDCPA case, supplemental jurisdiction exercised over claims under MOC).

5. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

6. SR uses a predictive dialer system.

7. Before SR began contacting Brovia, it and Brovia had no prior business relationship and Brovia had never provided express consent to SR to be contacted on his cellular telephone.

8. SR regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

9. The principal source of SR's revenue is debt collection.

10. SR is a "debt collector" as defined by 15 U.S.C. §1692a(6).

11. As described, *infra*, SR contacted Brovia to collect a debt that was incurred primarily for personal, family, or household purposes.

12. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

13. Brovia is a "consumer" as defined by 15 U.S.C. §1692a(3).

14. On several occasions, the dates of which will be discovered through discovery, SR willingly and knowingly used an automatic telephone dialing system to call Brovia on his cellular phone multiple times in violation of the TCPA.

15. Within the past twelve months, SR began calling Brovia on Brovia's cellular phone in an attempt to collect a debt for another individual.

16. Shortly after the calls began, Brovia notified SR that Brovia was not the individual SR was looking for, thus communicating his desire that SR cease calling him.

17. Despite this communication, SR continued to call Brovia on Brovia's cellular phone in an attempt to collect a debt for another individual.

18. Brovia repeatedly notified SR that Brovia was not the individual SR was looking for, thus communicating his desire that SR cease calling him.

19. On more than one occasion, SR apologized for calling; however, SR continued to call Brovia in an attempt to collect a debt for another individual.

20. SR's policies and procedures for processing account data received from original creditors fail to identify easily discoverable errors and avoid the needless harassment of undeserving consumers like Brovia.

21. SR unreasonably relied upon inaccurate information provided to SR by one (1) or more original creditors for whom SR was attempting to collect a debt when SR called Brovia's cellular telephone.

22. SR's policies and procedures violate the FDCPA.

23. SR caused Brovia emotional distress.

24. SR attempted to collect a debt from Brovia.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff re-alleges and incorporates by reference Paragraphs 15 through 24 above as if fully set forth herein.

26. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff re-alleges and incorporates by reference Paragraphs 15 through 24 above as if fully set forth herein.

28. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT THREE

### Violations of the Telephone Consumer Protection Act

29. Plaintiff re-alleges and incorporates by reference Paragraphs 15 through 24 above as if fully set forth herein.

30. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Plaintiff's cellular telephone using an automatic telephone dialing system without Plaintiff's prior express consent.

## COUNT FOUR

### Violations of the Michigan Occupational Code

31. Plaintiff re-alleges and incorporates by reference Paragraphs 15 through 24 above as if fully set forth herein.

32. Defendant is a "collection agency" as that term is defined in the MOC, Mich. Comp. Laws § 339.901(b).

33. Plaintiff is a "consumer" as defined by the MOC and is a person whom the act was intended to protect, Mich. Comp. Laws § 339.901(f).

34. Defendant attempted to collect a "debt" within the meaning of Mich. Comp. Laws § 339.901(a).

35. Defendant willingly and knowingly violated Mich. Comp. Laws § 339.915(n) by using harassing, oppressive, or abusive methods to collect a debt.

36. Defendant willingly and knowingly violated Mich. Comp. Laws § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

37. Defendant's willful violations of the MOC entitle Plaintiff to a civil penalty of not less than three (3) times the actual damages he sustained as a result of Defendant's violations of the MOC.

## JURY DEMAND

38. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

39. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

    c. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

    d. Judgment against Defendant for actual damages, statutory damages, costs and reasonable attorney's fees, plus a civil penalty of not less than three (3) times Plaintiff's actual damages, pursuant to Mich. Comp. Laws § 339.916.

    e. For such other legal and/or equitable relief as the Court deems appropriate.

                                 RESPECTFULLY SUBMITTED,

                                 By: /s/ Jeffrey S. Hyslip
                                 Jeffrey S. Hyslip, Esq.
                                 Hyslip & Taylor LLC, LPA
                                 1100 W. Cermak Rd., Suite B410
                                 Chicago, IL 60608
                                 Phone: 312-380-6110
                                 Fax: 312-361-3509
                                 Email: jeffrey@lifetimedebtsolutions.com
                                 Ohio Bar No. 0079315
                                 One of Plaintiff's Attorneys

Date: April 7, 2015